*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 21-CV-415

MARJORIE ATKINSON, APPELLANT,

v.

DISTRICT OF COLUMBIA, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(CAV-503-21)

(Hon. Heidi M. Pasichow, Trial Judge)

(Submitted April 7, 2022                    Decided September 1, 2022)

*Geoffrey A. Allen* for appellant.

*Karl A. Racine*, Attorney General for the District of Columbia, *Loren L. AliKhan*, Solicitor General at the time the brief was submitted, *Caroline S. Van Zile*, Principal Deputy Solicitor General, and *Carl J. Schifferle*, Deputy Solicitor General, for appellee.

Before GLICKMAN, BECKWITH, and MCLEESE, Associate Judges.

MCLEESE, *Associate Judge*: Appellant Marjorie Atkinson appeals from an

order dismissing her complaint for failure to state a claim. We vacate and remand.

# I.

Ms. Atkinson's amended complaint alleges a claim of negligence and a claim of gross negligence. In support of those claims, the complaint alleges the following. A vehicle driven by a Metropolitan Police Department (MPD) officer hit Ms. Atkinson's car while Ms. Atkinson was parking the car in a parking lane. The MPD vehicle was unmarked and was occupied by police officers and a robbery victim. The officers were canvassing the area looking for the robber. The MPD vehicle was travelling between ten and fifteen miles per hour and did not have its lights or sirens on. The driver of the MPD vehicle completely failed to look where he was going, failed to correct his course after Ms. Atkinson honked her horn, and veered into Ms. Atkinson's lane. The collision seriously injured Ms. Atkinson and damaged her car.

The trial court dismissed the complaint for failure to state a claim. With respect to the negligence claim, the trial court relied on D.C. Code § 2-412, which provides that "in the case of a claim arising out of the operation of an emergency vehicle on an emergency run[,] the District shall be liable only for gross negligence." The trial court concluded that the allegations in the complaint established that the MPD vehicle was on an emergency run. With respect to gross negligence, the trial court concluded that "fail[ing] to control [a] vehicle while going [ten to fifteen] miles

per hour in pursuit of an active robbery simply does not rise to the level of gross negligence."

## II.

We review de novo the dismissal of a complaint for failure to state a claim. *Grayson v. AT & T Corp*., 15 A.3d 219, 228 (D.C. 2011) (en banc). "We accept the allegations of the complaint as true, and construe all facts and inferences in favor of the plaintiff." *Id.* (brackets and internal quotation marks omitted). To survive a motion to dismiss, "[t]he complaint need only contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Scott v. FedChoice Fed. Credit Union*, 274 A.3d 318, 322 (D.C. 2022) (internal quotation marks omitted).

### A. Emergency Run

We agree with Ms. Atkinson that the trial court erred in dismissing the negligence count on the ground that the allegations in the complaint establish as a matter of law that the MPD vehicle was on an emergency run.

For current purposes, "emergency run" has an explicit definition:

> "Emergency run" means the movement of a District-owned vehicle, by direction of the operator . . . , under circumstances which lead the operator . . . to believe that such vehicle should proceed expeditiously upon a particular mission or to a designated location for the purpose of dealing with a supposed . . . emergency, an alleged violation of a statute or regulation, or other incident requiring emergency action . . . .

D.C. Code § 2-411(4).

"[T]he legislature . . . meant the concept of an emergency run . . . to be understood broadly." *Duggan v. District of Columbia*, 884 A.2d 661, 663 (D.C. 2005) (en banc per curiam) (internal quotation marks omitted). The concept requires "a genuine—an honestly held—belief by the operator that [the operator] should proceed expeditiously on a mission or to a location in response to a supposed emergency." *Id.* (brackets and internal quotation marks omitted).

We conclude that the allegations of the complaint do not establish as a matter of law that the MPD vehicle was on an emergency run, because the complaint makes no allegation about whether the officer driving the MPD vehicle had a subjective belief that he should proceed expeditiously in response to an emergency.

We are not persuaded by the District of Columbia's arguments to the contrary. First, the District of Columbia argues that the complaint lacks factual allegations

sufficient to support a conclusion that the MPD vehicle was not on an emergency run. That is true. The complaint is not required to contain such allegations, however, because the emergency-run doctrine operates as a defense. *See* D.C. Code § 2-412 (waiving "defense of governmental immunity" in negligence cases arising from operation of vehicles by employees of District of Columbia, except that District of Columbia is liable only for gross negligence in cases involving emergency run). "[A] plaintiff's failure to anticipate and rebut affirmative defenses in [the] complaint is not a sufficient basis for . . . dismissal." *Falconi-Sachs v. LPF Senate Square, LLC*, 142 A.3d 550, 559 (D.C. 2016).

Second, the District of Columbia cites two cases that it suggests are factually comparable to this case, *District of Columbia v. Walker*, 689 A.2d 40 (D.C. 1997), and *Dickson v. District of Columbia*, 938 A.2d 688 (D.C. 2007) (per curiam). In our view, neither case supports the District of Columbia's argument. In *Walker*, the plaintiff did not dispute that the collision at issue occurred during an emergency run. 689 A.2d at 44 n.6, 50. Moreover, the collision in *Walker* arose in circumstances quite different from the circumstances thus far alleged in the present case: the officers in *Walker* were in hot pursuit of a stolen car being driven by a juvenile. *Id.* at 43, 50.

In *Dickson*, the MPD officer involved in the collision testified at a deposition that he had responded immediately to a traffic stop because he had been trained to do so as a matter of officer safety. 938 A.2d at 689. The plaintiff provided no contrary evidence. *Id.* This court affirmed the trial court's grant of summary judgment to the District of Columbia, concluding that the evidence of the officer's belief "was so one-sided that the District had to prevail as a matter of law." *Id.* at 690 (brackets and internal quotation marks omitted). This case differs from *Dickson* in two critical respects. First, there was direct evidence of the officer's subjective reasoning in *Dickson*, whereas no such evidence has yet been presented in this case. Second, *Dickson* involved summary judgment, and thus the issue was what a reasonable juror could conclude about the emergency-run defense based on the evidence presented by the parties. *Id.* The present case, however, arises on a motion to dismiss, and the question whether the District of Columbia could establish such a defense is therefore premature. *Falconi-Sachs*, 142 A.3d at 559.

## B. Gross Negligence

We also agree with Ms. Atkinson that the trial court erred in dismissing the claim of gross negligence. Gross negligence "requires such an extreme deviation from the ordinary standard of care as to support a finding of wanton, willful and

reckless disregard or conscious indifference for the rights and safety of others." *Tillery v. District of Columbia*, 227 A.3d 147, 151 (D.C. 2020) (internal quotation marks omitted). "[T]he extreme nature of the conduct may be shown by demonstrating that the actor acted in disregard of a risk so obvious that the actor must be taken to be aware of it and so great as to make it highly probable that harm would follow." *Id.* (brackets and internal quotation marks omitted).

Because this case arises on a motion to dismiss, the question is whether the complaint alleges facts sufficient "to state a claim to relief that is plausible on its face." *Scott*, 274 A.3d at 322 (internal quotation marks omitted). Although we view this as a close question, we hold that the claim of gross negligence suffices under the "fairly minimal pleading requirements" in this jurisdiction. *Solers, Inc. v. Doe*, 977 A.2d 941, 948 (D.C. 2009).

The complaint alleges that the driver of the MPD vehicle completely failed to look where he was going, failed to correct his course after Ms. Atkinson honked her horn, and veered into Ms. Atkinson's lane. In our view, those factual allegations make it at least plausible that the driver acted in disregard of an obvious risk of serious injury.

In arguing that dismissal was warranted, the District of Columbia relies on two cases in which this court concluded that the plaintiff had failed to establish gross negligence:  *Walker*, 689 A.2d at 42-49, and *District of Columbia v. Henderson*, 710 A.2d 874, 875-77 (D.C. 1998).  In those cases, however, the court was not reviewing a motion to dismiss and determining whether a complaint stated a plausible claim for relief.  *Walker*, 689 A.2d at 42-49; *Henderson*, 710 A.2d at 875-77.  Rather, the court was reviewing the evidence introduced at trial, to determine whether a reasonable fact-finder could find gross negligence based on that evidence.  *Walker*, 689 A.2d at 42-49; *Henderson*, 710 A.2d at 875-77.  *Walker* and *Henderson* therefore do not support a conclusion that dismissal was warranted in this case.

For the foregoing reasons, we vacate the judgment of the Superior Court and remand the case for further proceedings.

*So ordered.*